IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:16-cv-00663 |
| v. | ) ) | |
| RTG FURNITURE CORP. OF GEORGIA, d/b/a ROOMS TO GO | ) ) ) ) | **C O M P L A I N T** **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Chantoni McBryde who was affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges Defendant RTG Furniture Corp. of Georgia d/b/a Rooms to Go ("Defendant") discharged McBryde based on her sex, female (pregnancy).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, RTG Furniture Corp. of Georgia d/b/a Rooms to Go, has continuously been a Florida corporation doing business in the State of North Carolina and the City of Dunn, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Chantoni McBryde filed a charge with the Commission alleging violations of Title VII by Defendant.

12. On March 14, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. On April 22, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. On or about June 3, 2015, Defendant engaged in an unlawful employment practice at its Dunn, North Carolina temporary facility in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), when it discharged McBryde based on her sex, female (pregnancy).

16. On June 1, 2015 Defendant hired McBryde to work at the company's Distribution Center in Dunn, North Carolina. McBryde was pregnant when hired.

17. In June 2015, Defendant's Distribution Center where McBryde was assigned to work was under construction. Therefore, Defendant assigned McBryde to train for her new job at the company's temporary facility, also located in Dunn, North Carolina.

18. Defendant assigned McBryde to train as a Shop Apprentice at the temporary facility. Shop apprentices repaired damaged furniture. At times, the repair of damaged furniture required the use of various chemicals.

19. On June 3, 2015, McBryde informed Defendant's Shop Trainer of her pregnancy and an upcoming related medical appointment. McBryde also told the Shop Trainer that she had no work restrictions, could work the required schedule and could perform the job.

20. At the end of the shift on June 3, 2015, McBryde was called into a meeting with Defendant's management, specifically Defendant's Shop Trainer, Shop Manager and Regional Shop Manager. At the meeting McBryde was asked to confirm that she was pregnant, and she did so.

21. Also at the meeting, a spray can of lacquer thinner (or a similar product), that contained a warning indicating that the contents could potentially pose a risk to a woman or her unborn child was presented to and discussed with McBryde. Defendant's Regional Shop Manager then told McBryde that because she was pregnant, she could no longer work at the

facility.

22. At all times relevant, McBryde performed her job duties at a level that met Defendant's legitimate expectations.

23. Defendant terminated McBryde's employment because of her pregnancy, effective June 3, 2015.

24. The effect of the practice complained of above has been to deprive McBryde of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

25. The unlawful employment practice complained of above was intentional.

26. The unlawful employment practice complained of above was done with malice or with reckless indifference to the federally protected rights of McBryde.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make McBryde whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to repayment of lost and/or reduced employee benefits.

D. Order Defendant to make McBryde whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to make McBryde whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F. Order Defendant to pay McBryde punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 11th day of July, 2016.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission

131 M Street, NE
Washington, D.C. 20507

**/s/** Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6486
Fax: (704) 954-6412
Email: lynette.barnes@eeoc.gov

KARA GIBBON HADEN (N.C. Bar No.26192)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6486
Fax: (704) 954-6412
Email: kara.haden@eeoc.gov

/**s**/ Suzanne L. Nyfeler
SUZANNE L. NYFELER (Va. Bar No. 40450)
Senior Trial Attorney
400 N. 8th Street, Suite, 350
Richmond, Virginia 23219
Tel: (804) 771-2215
Fax: (804) 771-2222
Email: suzanne.nyfeler@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**