IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:16-cv-00663 |
| v. | ) ) ) | CONSENT DECREE |
| RTG FURNITURE CORP. OF GEORGIA d/b/a ROOMS TO GO | ) ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant RTG Furniture Corp. of Georgia d/b/a Rooms to Go ("Defendant") violated Title VII by discharging Chantoni McBryde because of her sex, female (pregnancy). The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as

1

provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex, pregnancy, childbirth or related medical condition, or any other protected category within the meaning of Title VII, including by discharging workers due to the employer's concern regarding the welfare of its employees' unborn children.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute. Defendant shall cease discharging or denying to hire pregnant workers due to the employer's concern about pregnant applicants or employees' unborn children.

3. Defendant shall pay Chantoni McBryde the sum of FIFTY FIVE THOUSAND DOLLARS ($55,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing two separate checks payable to "Chantoni McBryde" as follows: (1) one check representing compensatory damages in the amount of FORTY FOUR THOUSAND DOLLARS ($44,000.00), which shall be reported in an IRS form 1099 Miscellaneous Income Statement; and (2) a separate payroll check in the amount of ELEVEN THOUSAND DOLLARS ($11,000.00), minus standard income withholdings which shall be reported in an IRS form W2. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Chantoni McBryde at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of the checks and proof of their delivery to Chantoni McBryde. Neither the

Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Chantoni McBryde may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Chantoni McBryde any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2015-02275C and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Chantoni McBryde from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on pregnancy, procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee working in the Dunn Distribution Center and Suwanee Distribution Center a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees working in the Dunn Distribution Center and Suwanee Distribution Center and review it with them at the time of hire.

3

6. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in the Dunn Distribution Center and Suwanee Distribution Center in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in the Dunn Distribution Center and Suwanee Distribution Center. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the

4

Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Dunn Distribution Center and Suwanee Distribution Center. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. the identities of all female applicants with or employees at the Dunn Distribution Center and Suwanee Distribution Center who have notified Defendant of their pregnancy or of whose pregnancy Defendant otherwise became aware, including by way of identification each person's name, address, telephone number, and position;
>
> B. for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect since the time Defendant became aware of her pregnancy (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and
>
> C. for each individual whose employment status has changed as identified in 9.B. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. As part of

such review, the Commission may inspect Defendant's Dunn Distribution Center and Suwanee Distribution Center, interview employees, and examine and copy documents.

11.     If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.     The term of this Consent Decree shall be for three (3) years from its entry by the Court.

13.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Nancy Chad at nchad@roomstogo.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

14.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15.     Each party shall bear its own costs and attorney's fees.

16.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

6

<u>2-2-17</u>         <u>Terrence Boyle</u>
Date                     Judge Terrence W. Boyle
                              Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


**/s/ Lynette A. Barnes**
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

YLDA KOPKA
Supervisory Trial Attorney

**/s/ Yolanda W. Brock**
YOLANDA W. BROCK (N.C. Bar No. 36651)
Email: yolanda.brock@eeoc.gov
U.S. EEOC Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 954-6463 (direct dial)
Facsimile: (704) 954-6412

7

RTG FURNITURE CORP. OF GEORGIA
d/b/a ROOMS TO GO, Defendant

**/s/ Benjamin F. Sidbury**
Benjamin F. Sidbury
NC Bar No. 28071
Bryan Cave LLP
301 S. College Street, Ste. 3900
Charlotte, North Carolina 28202
Tel: (704) 749-8999
Fax: (704) 749-8990
ben.sidbury@bryancave.com
Local Civil Rule 83.1 Counsel

Mitchell Allen (G.A. Bar No. 011325)
Bryan Cave LLP
One Atlantic Center 14th Fl.
1201 W. Peachtree St. N.W.
Atlanta, Georgia 3039
Tel: (404) 572-6849 (T)
Fax: (404) 420-0849 (F)
mitchell.allen@bryancave.com

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:16-cv-00663 |
| Plaintiff, | ) ) ) | EMPLOYEE NOTICE |
| v. | ) ) | |
| RTG FURNITURE CORP. OF GEORGIA d/b/a ROOMS TO GO, | ) ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant RTG Furniture Corp. of Georgia d/b/a Rooms to Go ("Defendant") in a case alleging pregnancy discrimination. Specifically, the EEOC alleged Defendant discriminated against Chantoni McBryde by terminating her because she was pregnant. As part of the settlement, Defendant agreed to pay monetary damages to Chantoni McBryde and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2020.